E-FILED
Tuesday, 19 August, 2008  02:30:05 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY YOUNG, | ) |
| Petitioner, | ) |
| v. | ) Case No. 08-1017 |
| EDDIE JONES, Warden, | ) |
| Respondent. | ) |

### O R D E R

This matter is now before the Court on Petitioner, Larry Young's ("Young"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, Respondent's Motion to Dismiss [#13] is GRANTED, and the § 2254 Petition [#1] is DISMISSED.

### BACKGROUND AND PROCEDURAL HISTORY

On November 19, 2003, Young was convicted of aggravated battery following a jury trial in the Circuit Court of Livingston County. He was sentenced to four years' imprisonment. A Notice of Appeal was filed on Young's behalf by the Circuit Court on February 18, 2004, and Young followed with a pro se Notice of Appeal on February 23, 2004. Young then filed a Motion to Reconsider Sentence in the Circuit Court, and the Illinois Appellate Court dismissed his appeal pending consideration of the motion in the Circuit Court. On April 27, 2004, the Circuit Court denied the Motion to Reconsider Sentence. Neither Young nor his counsel filed a new notice of appeal.

On July 8, 2005, Young filed a post-conviction petition with the Circuit Court under the Illinois Post-Conviction Hearing Act. The petition was denied on July 19, 2005, based in part on the apparently mistaken conclusion that the case was on direct appeal. Young

appealed the denial of his post-conviction petition, and on July 14, 2006, the Illinois Appellate Court reversed and remanded for further proceedings based on the finding that Young did not receive meaningful assistance of counsel in either his motion to reconsider sentence or in his direct appeal.

The Circuit Court determined that instead of proceeding on the post-conviction petition, Young would be given the opportunity to file a new motion to reconsider his sentence and receive a hearing on that motion. At the conclusion of that hearing, the Circuit Court found that the four year sentence that had been imposed was too harsh and reduced the sentence to three years.

Young appealed, arguing that the Circuit Court had exceeded its authority and ignored the Illinois Appellate Court's directions in remanding the post-conviction petition for second stage proceedings. The State concurred that the Appellate Court's directive had not been followed. A telephone call to the Clerk's Office for the Fourth District confirmed that this appeal remains pending.

Young now brings the present action seeking federal review of his state court proceedings. In his Petition, he raises essentially four arguments: (1) the correctional center officers committed perjury during trial; (2) the evidence at trial was insufficient to prove his guilt beyond a reasonable doubt; (3) the jury verdicts were inconsistent; and (4) trial counsel was ineffective for failing to reinstate his appeal, among other things. This Order follows.

**DISCUSSION**

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner

exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), *quoting* Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988). If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the petition. Id. In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Section 2254 provides that "[a]n application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b). Exhaustion occurs when federal claims have been presented to the highest state court for a ruling on the merits or when the claims could not be brought in a state court because no remedies remain available at the time the federal petition is filed. Farrell, 939 F.2d at 410. Section 2254(c) further provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The record demonstrates that Young has not exhausted his claims with the Illinois courts. Indeed, his appeal to the Illinois Appellate Court remains pending. Thus, it seems clear that Young does in fact have an available and possibly dispositive means of review available to him in state court and has therefore failed to exhaust his state remedies as to the claims that he is attempting to bring in this Petition.

Although § 2254(b)(2) does provide that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State," this language is permissive rather than mandatory. Young has an opportunity to pursue his appeal in the Illinois courts, and it is still possible for him to obtain full relief on his claim. Consequently, the Court finds that this is not a case where § 2254(b)(2) should be applied to reach the merits, as the state courts should be afforded the opportunity to address Young's claims of error with respect to his conviction and sentence. Thus, Young must first exhaust his state court remedies before seeking federal habeas corpus relief, and his premature Petition will be dismissed.

## CONCLUSION

For the reasons set forth herein, Respondent's Motion to Dismiss [#13] is GRANTED, and Young's Petition for Writ of Habeas Corpus pursuant to § 2254 [#1] is DISMISSED WITHOUT PREJUDICE for failure to exhaust available state court remedies. All other pending motions are now MOOT. This matter is now terminated.

ENTERED this 19th day of August, 2008.

                                                s/ Michael M. Mihm
                                                Michael M. Mihm
                                                United States District Judge