UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY YOUNG,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 08-1017 |
| | ) |
| **GUY PIERCE[1], Warden.** | ) |
| **Pontiac Correctional Center,** | ) |
| | ) |
| Respondent. | ) |

### ORDER

On November 19, 2003, in the Circuit Court of Livingston County, Illinois, Petitioner Larry Young ("Young") was convicted of aggravated battery following a jury trial. He was sentenced to four years of imprisonment. A Notice of Appeal was filed on Young's behalf on February 18, 2004, and he subsequently filed a *pro se* Notice of Appeal on February 23, 2004. Then, Young filed a Motion to Reconsider Sentence in the Circuit Court, and so the Illinois Appellate Court dismissed his appeal pending disposition of the Motion to Reconsider in the Circuit Court. On April 27, 2004, Young's Motion to Reconsider Sentence was denied. On July 8, 2005, Young filed a postconviction petition in the Circuit Court of Livingston County. On July 14, 2006, the state appellate court reversed and remanded for further proceedings the trial court's dismissal of his postconviction petition. As of the date of this Order, postconviction

---

[1] Petitioner originally named Eddie Jones as respondent in this case. However, Petitioner's current custodian at the Pontiac Correctional Center is Warden Guy Pierce. Mr. Pierce is therefore substituted as respondent in this habeas action pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts. *See also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004); *and Bridges v. Chambers*, 425 F.3d 1048, 1049-50 (7th Cir. 2005).

proceedings are ongoing in the state court.

On January 14, 2008, Young filed a Petitioner for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his habeas petition, Young raised essentially four arguments: 1) the correctional center officers committed perjury during trial, 2) the evidence at trial was insufficient to prove his guilt beyond a reasonable doubt, 3) the jury verdicts were inconsistent, and 4) appellate counsel was ineffective, specifically for counsel's failure to reinstate Young's appeal. On August 19, 2008, the Court dismissed without prejudice Young's habeas petition for failure to exhaust available state court remedies. On appeal on March 23, 2009, the Seventh Circuit reversed this Court's dismissal of Young's petition, with instructions that the proceedings be stayed pending the resolution of Young's state proceedings. Since then, Respondent has filed four status reports, each time indicating that Young's state postconviction proceedings were still pending. Young's state postconviction proceedings remain pending as of July 27, 2010.

On July 6, 2010, Young filed his Motion for Preliminary Injunction in which he noted that his projected "out date" was July 27, 2010, and that his proceedings in the state court have been improperly conducted. He also presented arguments regarding parole and mandatory supervised release. In his subsequently filed memorandum in support of his motion for preliminary injunction, Young set forth the procedural history of his state court proceedings and requested that this Court grant injunctive relief in order to ensure compliance with Illinois Supreme Court Rule 606(b).[2] After being directed to do so by the Court, Respondent filed a

---

[2] Illinois Supreme Court Rule 606(b) provides the time in which notice of appeal must be filed with the clerk of the circuit court. Young focuses on the portion of the rule that provides that a notice of appeal filed before the entry of the order disposing of all pending postjudgment motions will be stricken when a timely posttrial motion directed against the judgment is filed.

more detailed Status Report [#100] on July 23, 2010.

There are two exceptions to the exhaustion requirement under 28 U.S.C. § 2254: 1) there is an absence of available state corrective process, or 2) circumstances exist that render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C. § 2254(b)(i), (ii). "Inordinate, unjustifiable delay in a state-court collateral proceeding excuses the requirement of petitioners to exhaust their state-court remedies before seeking federal habeas corpus relief." *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997). Here, Young filed his petition for postconviction relief just over five years ago, on July 8, 2005. Such a period of time could be considered an inordinate delay. *See Dozie v. Cady*, 430 F.2d 637, 638 (7th Cir. 1970) (17 months' delay inordinate); *Lowe v. Duckworth*, 663 F.2d 42, 43 (7th Cir. 1981) (3 and one half years' delay inordinate). A hearing is necessary to determine whether the delay is justifiable. *Lowe*, 663 F.2d at 43. However, in *Lane v. Richards*, the Seventh Circuit explained that because the reason for the delay in that case was no mystery, the Court did not need a hearing to explore that reason. 957 F.2d 363, 365 (7th Cir. 1992).

In determining whether the delay in state court is unjustifiable, the federal court may consider whether the delay is attributable to the state. *Sceifers v. Trigg*, 46 F.3d 701, 703 (7th Cir. 1995) (citing *Lane,* 957 F.3d at 365) (state's corrective process not ineffective under § 2254 where eleven-year delay in state collateral proceedings was not attributable to the state because such delay was caused in part by prisoner's own actions and in part by the performance of his post-conviction counsel).

Here, Respondent's July 23, 2010, Status Report shows that Young's postconviction proceedings have been clearly delayed as a result of Young's own actions, as well as those of his

3

attorneys. Between Young's own *pro se* filings in his state postconviction proceedings and the changes in his appointed counsel in those proceedings, the matter has had to be repeatedly continued as a result. Young makes the conclusory allegation that there has been some type of conspiracy between the Livingston County court and the state Appellate Defender since 2002 which has caused the continued delay. However, the history of Young's state postconviction proceedings reveals nothing to suggest the delay in those proceedings is attributable to the state. Because the reasons for the delay are clear here, there is no need for a hearing to explore those reasons. *See Lane*, 957 F.2d at 365.

      Young has failed to prove that circumstances exist which render the state corrective process ineffective to protect his rights[3], and so his failure to first exhaust his state-court remedies remains unexcused at this time. Accordingly, Young's habeas proceedings in this Court must remain stayed until his state postconviction proceedings have concluded. The Court cannot grant him the requested relief at this time.

      ENTERED this 10th day of August, 2010.

                                                      s/Michael M. Mihm
                                                      Michael M. Mihm
                                                      United States District Judge

---

[3] The Court parenthetically notes that the first exception to the exhaustion requirement is not applicable here because Young availed himself of state corrective process when he filed his postconviction petition on July 8, 2005.